**Frank FINLEY, Plaintiff-Appellant,**

v.

**Baxter RITTENHOUSE, Defendant-Appellee.**

**No. 23427.**

United States Court of Appeals Ninth Circuit.

Oct. 20, 1969.

Frank Finley, in pro. per.

Thomas C. Lynch, Atty. Gen., Los Angeles, Cal., for appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and TAYLOR*, District Judge.

---

\* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

1. In the first order of dismissal, entered on May 21, 1968, the trial court properly dismissed appellant's claim against the City of Pasadena, County of Los An-

**PER CURIAM:**

Appellant was convicted in the Pasadena, California, Muncipal Court of buying and receiving stolen property in violation of section 496 of the California Penal Code.

Ten years later, he brought this civil action for damages under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the appellee, the police officer who arrested him for the above offense, had subjected him to false imprisonment and had unlawfully taken several items from his person, which were later admitted in evidence at his trial.

On two occasions, the trial court dismissed appellant's complaint [1] and directed him to file an amended complaint setting out the particular facts upon which he based his claim that appellee had violated his civil rights. Appellant failed to allege such specific facts, and the trial court dismissed his action.

Appellant's conclusory allegations, unsupported by any underlying factual details, were insufficient to state a claim for relief under 42 U.S.C. § 1983. Lee v. Wilson, 363 F.2d 824 (9th Cir. 1966); Stiltner v. Rhay, 322 F.2d 314, 316 n. 4 (9th Cir. 1965). The court clearly had the power under Rule 41(b), Federal Rules of Civil Procedure, to dismiss the action for failure to comply with its orders. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Agnew v. Moody, 330 F.2d 868, 871 (9th Cir. 1964); Maddox v. Shroyer, 112 U.S.App.D.C. 318, 302 F.2d 903, 904 (1962); Package Machinery Co. v. Hayssen Mfg. Co., 266 F.2d 56 (7th Cir. 1959).

Affirmed.

geles, and State of California with prejudice, on the ground that these defendants were immune from liability under the federal civil rights statutes under the Supreme Court's ruling in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961).