Ronald J. THOMAS, #C–7242, Appellant,

v.

Joseph R. BRIERLEY, Supt., S. C. I. P., and Charles Wehrle, Deputy Supt., et al.

No. 72–1870.

United States Court of Appeals, Third Circuit.

Submitted May 18, 1973.

Decided June 29, 1973.

---

Ronald J. Thomas, pro se.

Donetta W. Ambrose, Asst. Atty. Gen., J. Shane Creamer, Atty. Gen., Harrisburg, Pa., for appellees.

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

This action challenges an August 3, 1972, district court decree dismissing an in forma pauperis action as frivolous pursuant to 28 U.S.C. § 1915(d).

The Complaint alleges a violation of 42 U.S.C. § 1983,[1] resulting from the denial in July 1972 to plaintiff, a state prisoner, of the privilege to visit with a friend, to whom he had sent the required visiting pass "granted any inmate in the Pennsylvania institutional system." It is alleged that "it is [plaintiff's] belief" that such denial was "directed at him in an effort to harass and discourage the [named] visitor from ever attempting to visit him." Subsequently, petitioner received "no visits." Finally, the Complaint alleges that "the action by the officials was merely the unwarranted result of the way they the officials subject the Black inmate and his family to harassment and degradation."

Such allegations must be liberally construed. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 618 (1972); United States ex rel. Tyrrell v. Speaker, 471 F.2d 1197 (3d Cir. 1973). A refusal to allow a prisoner visitors because of his race would violate the equal protection clause of the Fourteenth Amendment. See, e. g., Rowland v. Wolf, 336 F.Supp. 257 (D.Neb.1971). And it is conceivable that the denial of visitation privileges without a reasonable justification might amount to cruel and unusual punishment. See Almond v. Kent, 459 F.2d 200, 204 (4th Cir. 1972); United States ex rel. Raymond v. Rundle, 276 F.Supp. 637 (E.D.Pa.1967); Hollen, Emerging Prisoners' Rights, 33 Ohio St.L.J. 1, 64–68 (1972). At the minimum, the district court should direct service on the defendants and require the filing of a motion or a responsive pleading to the Complaint. See Haines v. Kerner, supra.

For the foregoing reasons, the district court order of August 3, 1972, will be vacated and the case remanded for proceedings consistent with this opinion.

1. "Every person who, under color of any . . . regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights [or] privileges . . . secured by the Constitution and laws, shall be liable . . . in an action at law, suit in equity . . . for redress."