Salvadore ROTOLO, Appellant,

v.

The BOROUGH OF CHARLEROI et al. (two cases).

Nos. 73–1368 and 73–1369.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 10, 1975.

Decided March 22, 1976.

Albert C. Gaudio, Henry A. Martin, Monessen, Pa., for appellant.

Jack H. France, Murphy & France, Charleroi, Pa., for appellees.

Before SEITZ, Chief Judge, and GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from an order granting defendant's motion under Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's two civil rights complaints for failure to state a claim upon which relief can be granted. We believe the district court erred in dismissing the complaints without allowing plaintiff opportunity to amend. We therefore vacate the judgment and remand with directions to allow amendment to the pleadings within a reasonable period.

The plaintiff, Salvadore Rotolo, was terminated from his employment as a building inspector for the defendant municipal corporation, the Borough of Charleroi, Pennsylvania. He avers that four Borough councilmen voted to terminate his employment "because the Plaintiff had exercised his First Amendment privileges." Thereupon, Rotolo filed in the United States District Court for the Western District of Pennsylvania two civil rights complaints under 42 U.S.C. § 1983 (1971), alleging that defendants had denied him his first amendment rights.[1] One complaint, seeking in excess of $25,000 money damages, named as defendants the Borough of Charleroi and the four councilmen[2] who allegedly voted for termination of Rotolo's employment. The other complaint, seeking on injunction against filling the vacancy caused by his termination, named as defendants the Borough and seven Borough councilmen.[3]

Rotolo's substantive allegations were identical in both complaints:

3. Prior to August 23, 1972, the Plaintiff was employed in the capacity of Building Inspector for the Defendant, Borough of Charleroi.

4. On or about August 23, 1972, the Defendants, Peter Celaschi, Theodore Breuer, Fred P. McLuckie and Armand Balsano, voted to terminate the Plaintiff's employment with the Defendant, Borough of Charleroi, because the Plaintiff had exercised his First Amendment privileges under the Constitution of the United States.

5. That the aforesaid action on the part of the Defendants was a denial of the Plaintiff's First Amendment rights to

---

1. Jurisdiction was premised on 28 U.S.C. § 1343 (1971) and Section 1983.

2. Peter Celaschi, Theodore Breuer, Fred McLuckie, and Armand Balsano.

3. Edward Fear, Fred Briggs, and Frank Pucci in addition to the councilmen listed in note 2.

freedom of speech and freedom of expression.

■ The district court first correctly determined that *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), precluded suit against the Borough of Charleroi under section 1983 as the municipality is not a "person" for purposes of that statute. *United States ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84, 86 (3d Cir. 1969), *cert. denied,* 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970). Although federal jurisdiction may nonetheless exist under 28 U.S.C. § 1331 (1971), *City of Kenosha v. Bruno,* 412 U.S. 507, 514, 93 S.Ct. 2222, 2227, 37 L.Ed.2d 109, 116 (1973), Rotolo's complaint is inadequate to establish jurisdiction under section 1331. Federal jurisdiction must be pleaded according to the nature of the case, and Rotolo made no mention of section 1331 in his complaint. *McNutt v. GMAC,* 298 U.S. 178, 182, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1140 (1936); *Smith v. Spina,* 477 F.2d 1140, 1143 (3d Cir. 1973).

■ We believe this is an appropriate case for the application of 28 U.S.C. § 1653 (1971), which expressly allows amendment of defective jurisdictional allegations. Therefore, upon remand, Rotolo will be given an opportunity to amend the jurisdictional allegations in those parts of his complaints which refer to the Borough of Charleroi.

As to the action against the individual defendants, the district court found both complaints lacking:

> [T]he allegations are purely conclusory and fail to adumbrate any specific facts sufficient to state a cause of action or claim upon which relief can be granted
> . . . .

■ In this circuit, plaintiffs in civil rights cases are required to plead facts with specificity.[4] *Kauffman v. Moss,* 420 F.2d 1270, 1275–76 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970);

*Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967).

The rationale of the *Negrich* requirement that facts be specifically averred was outlined in *Valley v. Maule,* 297 F.Supp. 958 (D.Conn.1968), and was quoted approvingly in *Kauffman v. Moss, supra,* at 1276 n. 15:

> In recent years there has been an increasingly large volume of cases brought under the Civil Rights Act. A substantial number of these cases are frivolous or should be litigated in the State courts; they all cause defendants—public officials, policemen and citizens alike, considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims.

Subsequent to *Negrich,* the United States Supreme Court in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) adopted a strict standard for motions to dismiss prisoners' *pro se* civil rights complaints:

> We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80, 84 (1957).

*Id.* at 520, 92 S.Ct. at 596, 30 L.Ed.2d at 654. *Haines* was harmonized with *Negrich* by this court in *Gray v. Creamer,* 465 F.2d 179, 182 n.2 (3d Cir. 1972). It suggested that the *Haines* standard would be applied to complaints in which "specific allegations of unconstitutional conduct" were made, whereas *Negrich* would continue to serve as a barrier to complaints which "contain only vague and conclusory allegations."

---

4. *See also Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck,* 463 F.2d 620, 622–23 (2d Cir. 1972), *cert. denied,* 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973); *Coo-*

*persmith v. Supreme Court, State of Colorado,* 465 F.2d 993, 994 (10th Cir. 1972); *Finley v. Rittenhouse,* 416 F.2d 1186, 1187 (9th Cir. 1969).

■ We find the *Negrich* standard particularly appropriate here. The allegations in the complaint strike us as vague and conclusory. They fail to indicate, when, where, and how Rotolo had "exercised his First Amendment privileges,"[5] rendering it impossible to determine if indeed his activity was the sort afforded protection under the first amendment and whether it had any relevance to the termination of his employment. The allegations state no facts upon which to weigh the substantiality of the claim; they do not aver the content of the alleged first amendment exercise.

■ We believe the district court properly applied *Negrich*. However, again it did not allow an opportunity for amendment. To accomplish the dual objectives of weeding out frivolous cases and keeping federal courts open to legitimate civil rights claims, courts should allow liberal amendment of civil rights complaints under Fed.R. Civ.P. 15(a). Nothing in *Negrich* precludes this; in fact, the *Negrich* court expressly noted that the district court in that case could permit the plaintiff to file an amended complaint. *Kauffman, supra,* at 1276.

The judgment of the district court will be vacated and the case remanded with directions to allow amendment to the pleadings within a reasonable period.

GIBBONS, Circuit Judge (concurring and dissenting).

This is an appeal from an order granting defendants' motion to dismiss plaintiff's civil rights complaints for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The plaintiff, Salvadore Rotolo, a former building inspector employed by the Borough of Charleroi, Washington County, Pennsylvania, filed two complaints against the Borough and individual councilmen alleging that his public employment had been terminated because he had exercised his first amendment

rights. The order appealed from, in its entirety, states:

AND NOW, this 1st day of March, 1973, upon consideration of defendants' motion to dismiss, and of briefs in support thereof and in opposition thereto and the Court being of opinion that it is clear that the action does not lie against the municipality of Charleroi (*Monroe v. Pape,* 365 U.S. 167 [81 S.Ct. 473, 5 L.Ed.2d 492] (1961)), and that with respect to the individual defendants the allegations are purely conclusory and fail to adumbrate any specific facts sufficient to state a cause of action or claim upon which relief can be granted. (*Negrich v. Hohn,* 379 F.2d 213, 215 (C.A. 3, 1967)),

IT IS ORDERED that said motions be and hereby are granted and that the complaints in the above-styled causes be and they hereby are dismissed. (App. at 27a).

There are two separate complaints in this case, apparently because plaintiff's counsel is unfamiliar with federal pleading practice. The complaint in D.C. Civil Action No. 72–776 should have been a second count of the complaint in D.C. Civil Action No. 72–775. Fed.R.Civ.P. 18(a). In the first complaint, Civil Action No. 72–775, the plaintiff seeks money damages in excess of $25,000.00. In the second complaint, Civil Action No. 72–776, he seeks an injunction against filling the vacancy created by the termination of his employment, reinstatement with back pay, and an unspecified amount of damages. In both complaints the Borough of Charleroi is named as a defendant. In No. 72–755 four Borough councilmen, Peter Celaschi, Theodore Breuer, Fred McLuckie and Armand Balsano, are also named as individual defendants. In No. 72–776 three additional councilmen, Edward Fear, Fred Briggs and Frank Pucci, are named. The substantive allegations, however, are the same in both complaints.

3. Prior to August 23, 1972, the Plaintiff was employed in the capacity of

---

5. The concurring and dissenting opinion assumes that Rotolo's alleged exercise of his first amendment privileges took the form of an "utterance." Apart from the conclusory reference to the denial of freedom of speech and expression, the complaint does not reveal the form and manner of Rotolo's behavior at issue here.

Building Inspector for the Defendant, Borough of Charleroi.

4. On or about August 23, 1972, the Defendants, Peter Celaschi, Theodore Breuer, Fred P. McLuckie and Armand Balsano, voted to terminate the Plaintiff's employment with the Defendant, the Borough of Charleroi, because the Plaintiff had exercised his First Amendment privileges under the Constitution of the United States.

5. That the aforesaid action on the part of the defendant was a denial of the Plaintiff's First Amendment rights to freedom of speech and freedom of expression.

(App. at 5a–6a; 9a–10a).

An allegation that a public employee was discharged for the exercise of his first amendment rights states a federal claim for relief. *See, e. g., Perry v. Sindermann,* 408 U.S. 593, 596–98, 92 S.Ct. 2694, 2696, 33 L.Ed.2d 570, 576 (1972); *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). While the instant complaints are not as artistically drafted as some we have seen, they give adequate notice to the defendants of the specific action of which the plaintiff complains and of the legal basis for the relief he seeks. Defendants Celaschi, Breuer, McLuckie and Balsano are charged with voting to terminate plaintiff's employment with the Borough because he exercised his first amendment rights. Defendants Fear, Briggs and Pucci are appropriate defendants, since although they are not charged with specific wrongdoing, they are alleged to be councilmen, and would be required to act if the district court should order reinstatement or backpay. No more is required to be contained in the pleadings by Rule 8(a) of the Federal Rules of Civil Procedure. *See, e. g., Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 85 (1957).

The district court, however, concluded that something more than adequate notice to defendants had to be provided by plaintiff's complaint. The majority, relying on *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967), explicitly approves this approach which substitutes for the notice pleading requirement of the Federal Rules of Civil Procedure a requirement, unique to civil rights cases, that facts be pleaded with specificity. The alleged deficiency in plaintiff's complaint is described by the majority as follows:

[The allegations] fail to indicate when, where, and how Rotolo had "exercised his First Amendment privileges," rendering it impossible to determine if indeed his activity was the sort afforded protection under the first amendment and whether it had any relevance to the termination of his employment.

The majority's standard for measuring the sufficiency of the pleading in this case, however, is at best puzzling. Starting with the requirement of "relevance", I note that the complaint alleges termination of employment "because Plaintiff had exercised his First Amendment privileges." It may be that the *evidence* at trial will convince the trier of fact that Rotolo's termination was for another reason. But apparently the majority requires that plaintiff plead his *evidence.* Must the complaint set forth a transcript of the August 23, 1972 meeting? Turning next to the majority's requirement that the complaint set forth "when, where, and how Rotolo had exercised his First Amendment privileges," I am confronted with two problems. First, how will the time, place, and manner of the utterance aid in the determination of the question whether or not the utterance was protected by the first amendment? Will it disclose, for example, whether the utterance was obscene? And if so, why must the plaintiff in a first amendment case plead negatively that his utterance did not fall within an exception to the first amendment? Second, does the "how" requirement mean that the pleader must set forth in full the utterance which he alleges caused the discharge? If that is what is intended, does the majority mean that the content of the utterance is an element of the cause of action? That can hardly be the law. At most the content of the utterance would be evidentiary on the issue of the motivation

for the discharge. If the utterance was unrelated to township affairs, a trier of fact might well conclude that the termination was not related to the utterance. Certainly, then, the content of Rotolo's utterance is discoverable and evidentiary. But it is no part of the plaintiff's cause of action.

It seems' to me that the majority has gone beyond any prior holding of this court in imposing in civil rights cases a fact pleading requirement. I ask, where is the statutory warrant for doing so? The motivation, clearly enough, is hostility to the assertion of civil rights against authority figures. But that motivation, which I do not share, is no substitute for a principled analysis of our authority to substitute in any category of civil cases a fact pleading requirement at variance with that approved by Congress in Rule 8, Fed.R.Civ.P.

In *Negrich v. Hohn, supra,* this court upheld the dismissal of a *pro se* civil rights complaint on the ground, *inter alia,* that the complaint was "broad and conclusory" and failed "to state facts in support of its conclusions." 379 F.2d at 215. But the defect in that case was that the defendants were not informed of the time, place and manner in which they individually were alleged to have deprived Negrich of his constitutional rights. Thus, the complaint failed to give defendants adequate notice of the claims asserted by Negrich. The complaint at issue in this case, as noted above, does not suffer from these same defects. But *Negrich v. Hohn, supra,* has been cited for the broader and considerably different proposition that in civil rights cases the complaint must be specifically pleaded in order to avoid a motion to dismiss. *Kauffman v. Moss,* 420 F.2d 1270, 1275–76 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). The dictum in *Kauffman v. Moss* to that effect, however, cannot plausibly be construed to go beyond the *Negrich v. Hohn* holding that the complaint in a civil rights case, as in any other, must give fair notice of the conduct with which the defendant is charged. There is ample Third Circuit authority since *Negrich v. Hohn* for the proposition that the standards of the Federal Rules of Civil Procedure are applicable in civil rights cases, and that fact pleading is not required. *See, e. g., Thomas v. Brierley,* 481 F.2d 660 (3d Cir. 1973) (per curiam); *United States ex rel. Tyrrell v. Speaker,* 471 F.2d 1197, 1200 (3d Cir. 1973); *Gray v. Creamer,* 465 F.2d 179 (3d Cir. 1972). I know of no authority in this court holding that a complaint which identifies the defendants who acted and the time, place and nature of their actions, is insufficient when the legal right asserted is a civil right protected by the federal Constitution.

The Supreme Court, moreover, has expressly adopted the notice pleading standard of *Conley v. Gibson, supra,* in civil rights cases. In *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), plaintiff filed a suit challenging the constitutionality of a Louisiana statute and of certain actions taken by state officials in the administration of that statute. In the course of discussing an important standing issue Justice Marshall stated that:

> For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. *See, e. g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 174–75 [86 S.Ct. 347, 348, 15 L.Ed.2d 247, 249] (1965). And, the complaint is to be liberally construed in favor of plaintiff. See Fed.Rules Civ.Proc. 8(f); *Conley v. Gibson,* 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957). The complaint should not be dismissed unless it appears that appellant could "prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* at 45–46 [78 S.Ct. at 102, 2 L.Ed.2d at 84]
> 395 U.S. at 421–22, 89 S.Ct. at 1849, 23 L.Ed.2d at 416.

Subsequently, in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), the Court in the context of a prisoner's *pro se* civil rights complaint adopted the same standard:

> Whatever may be the limits on the scope of inquiry of courts into the inter-

nal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). 404 U.S. at 520–21, 92 S.Ct. at 595, 30 L.Ed.2d at 654.

In view of these Supreme Court and Third Circuit precedents *Negrich v. Hohn* cannot, even if it was so intended, be relied on as authority for the proposition that complaints in civil rights actions require fact pleading rather than notice pleading in order to avoid a motion to dismiss.[1]

The majority, however, attempts to distinguish cases such as *Haines v. Kerner, supra,* and *United States ex rel. Tyrrell v. Speaker, supra,* because they are *pro se* indigent complaints while in this case the plaintiff is represented by an attorney. But that approach certainly does not serve to distinguish *Jenkins v. McKeithen, supra,* which involved a represented plaintiff. But even if the majority's approach was thoroughly consistent, I would still have to ask where the source of our authority to make a distinction between *pro se* and represented civil rights complainants can be found. Arguably, since *pro se* indigents must apply for relief under 28 U.S.C. § 1915, courts have greater latitude under § 1915(d) to impose a stricter pleading standard in such cases.[2] Since *Negrich v. Hohn, supra,* was a

*pro se* indigent case, the apparent requirement of factual pleading, which the majority contends this case established, could well be attributable to the court's application of this interpretation of the requirements of § 1915(d). But even if this interpretation of the *Negrich v. Hohn* holding is accurate, it would not support the majority's holding in this case, for § 1915(d) provides no basis for distinguishing between indigent civil rights plaintiffs and, for example, indigent negligence plaintiffs.

In order to demonstrate the continuing vitality of the *Negrich v. Hohn* holding despite the contrary authority of *Haines v. Kerner, supra,* the majority engages in a most peculiar use of *stare decisis.* In *Negrich v. Hohn, supra,* a *pro se* prisoner filed a complaint. The court granted him leave to proceed *in forma pauperis* and appointed counsel. The complaint came before this court in its original form, and we affirmed a dismissal, but with leave to file an amended complaint. 379 F.2d at 216. Thereafter, a statement in that case, which, as noted above, may have been an interpretation of the court's authority to deal more strictly with an indigent's complaint under § 1915(d), appeared in dictum in *Kauffman v. Moss, supra,* another *pro se* case, stated as applicable to civil rights cases without limitation. Now, by pointing to the fact that counsel was appointed in *Negrich v. Hohn, supra,* the majority converts it into a "counsel" case to avoid the authority of *Haines v. Kerner, supra,* without attaching any significance to the fact that the complaint was filed by a prisoner pursuant to § 1915 and was not prepared by counsel. If the court intended in 1967 to lay down any broad principle that fact pleading is re-

---

1. I do not read the Supreme Court's recent statement in *United Housing Foundation v. Forman,* 421 U.S. 837, 860, 95 S.Ct. 2051, 2064, 44 L.Ed.2d 621, 636 (1975), that "a vague and conclusory allegation under 42 U.S.C. § 1983 against petitioner . . . must also be dismissed," to be a departure from the *Conley v. Gibson, Jackson v. McKeithen* or *Haines v. Kerner* interpretation of Rule 8(a).

2. *See, e. g., Daves v. Scranton,* 66 F.R.D. 5, 7 (E.D.Pa.1975), and cases cited therein. *But see*

*Watson v. Ault,* 525 F.2d 886, Civil Nos. 75–1683 to 75–1685 (5th Cir., 1976), in which Judge Bell argues that the "frivolous and malicious" standard of § 1915(d) is less stringent than the ordinary notice pleading concepts governing formal complaints drafted by lawyers. This view explains the distinction between *pro se* and other complaints which the Supreme Court referred to in *Haines v. Kerner, supra,* at 420. I think Judge Bell's approach is the sounder interpretation of § 1915(d).

quired in all civil rights cases, the opinion in *Negrich v. Hohn, supra,* certainly neither reveals that fact nor sets forth a principled analysis for such a rule. But by selective emphasis of the circumstances of the case, *Negrich v. Hohn, supra,* now serves the majority as "authority" for our disregard of the Federal Rules of Civil Procedure and of Supreme Court caselaw. The jurisprudential issues posed by such methodology are intriguing.

The most amazing and disturbing feature of the majority's adoption of a special fact pleading rule for civil rights cases, however, is that it is apparently justified, if at all, by the fact that civil rights cases, especially prisoner *pro se* civil rights complaints, have been thought by some judges to be burdensome, vexatious and largely unfounded.[3] I do not share that viewpoint. Assuming, for the sake of argument, that the viewpoint has some validity, it has nothing to do with civil rights cases brought by retained counsel for the vindication of first amendment rights. These are not overwhelming the federal courts to the exclusion of other worthwhile business, and have not been, in my experience at least, any more likely to be frivolous than other classes of litigation. Nor are the issues such as demand special pleading rules.[4] The explanation, then, for

the imposition of a fact pleading requirement in such cases, must be found in the attitude of the court toward the rights being asserted. Even if I shared that attitude I could not find statutory authority for a departure from the Rule 8 pleading standard.

I agree with the majority that the district court should permit amendment of the defective allegation of jurisdiction against the Borough of Charleroi. 28 U.S.C. § 1653. While I agree with the majority that the order appealed from cannot be affirmed, I do not agree that the complaint fails to state a claim against the other defendants and requires an amendment to survive a Rule 12(b)(6) motion. I would simply reverse.

---

3. *See, e. g., Valley v. Maule,* 297 F.Supp. 958, 960 (D.Conn.1968), quoted approvingly in *Kauffman v. Moss, supra* at 1276 n. 15.

4. Civil Rights actions are not the only type of suits which have prompted some courts to declare exceptions to the federal pleading rules. In order to preclude allegedly frivolous and vexatious private antitrust suits, for example, some courts erected a fact-pleading requirement. *See, e. g., Baim & Blank, Inc. v. Warren-Connelly Co.,* 19 F.R.D. 108, 109 (S.D.N.Y. 1956). Despite the apparent utility of such a rule in the area of complex antitrust litigation, the fact-pleading requirement was subsequently rejected on the ground that the Federal Rules of Civil Procedure do not differentiate

treble-damage antitrust actions from any other type of civil proceeding and require only notice pleadings. *See, e. g., Walker Distributing Co. v. Lucky Lager Brewing Co.,* 323 F.2d 1 (9th Cir. 1963) (collecting authorities); *Nagler v. Admiral Corp.,* 248 F.2d 319 (2d Cir. 1957). This question is treated in considerable detail in 2A J. Moore, Federal Practice ¶ 8.17[3], at 1738–53 (2d ed. 1975). Moreover, there are a whole range of other procedural techniques expressly provided for in the Federal Rules to dispose of frivolous and vexatious litigation at an early point in the proceedings. *See, e. g., Conley v. Gibson, supra,* 355 U.S. at 48 n. 9, 78 S.Ct. at 103, 2 L.Ed.2d at 85.