MR. JUSTICE SHEEHY,
dissenting:
*526 I confess at the outset that I do not understand the foregoing opinion. Its ratio decidendi escapes me. Rather than attempting to refute what is in the foregoing opinion, therefore, I will here assert only what I think the rule in this case ought to be.
This case comes to us on essentially two grounds: (1) that Aaron P. Small was deprived of due process when he was removed as chairman of the English department of Eastern Montana College; and (2) that in his removal, he was libeled.
It is clear that Aaron P. Small was removed as chairman of the English department without being afforded due process as to his removal, including an evidentiary hearing where he would have the right to present favorable witnesses, and to confront and examine adverse witnesses. The grievance procedure provided in the collective bargaining agreement for the unit of which Small was a member is not a sufficient substitute for Small’s right to come to the courts for protection of his constitutional due process rights. Section 1-3-204, MCA. I find no case cited in the foregoing opinion stating otherwise, and there could be none.
In like manner, summary judgment should not be granted against Small on his first améndment claims, and his libel claims, on the ground of lack of specificity in the pleadings. McRae gave as his reasons for dismissing Small as chairman his “inadequate leadership,” his “failure to bring a polarized department into a smoother functioning unit,” “acrimony had increased within the English department,” and an allegation that Small had failed to effectively and conscientiously handle the administrative detail associated with his office. Small has answered that these allegations are false. What more specificity could he at this stage allege, if his contention is true that such statements are false? The District Court and this Court are applying here the specificity requirements of civil right actions under federal law as exemplified by Rotolo v. Borough of Charleroi (3rd Cir. *527 1976), 532 F.2d 920, 923. In our state court, Small is not suing for a deprivation of his federal civil rights, but for his constitutionally protected rights under our state and federal constitution. In that situation, it should be recognized that our pleadings under the Montana Rules of Civil Procedure are notice pleadings only and that specificity occurs after discovery has been completed. Further, with regard to Small’s libel action, there is a factual question existent as to whether “official action” was actually involved here or whether there was a drive to impugn his teaching and administrative integrity and ability in the guise of official action. That is an issue a jury should decide.
For those reasons, I would set aside the summary judgment, and let the facts come to light as to which party should receive judgment in this case. Therefore, I dissent.