Scott **FRANKENFIELD**

v.

Russell D. **KIRSCHNER, individually and as a police officer in the Police Department of the City of Allentown, PA; and David M. Howells, individually and as Chief of Police of the Police Department of the City of Allentown, PA; and the City of Allentown, PA, a municipal corporation.**

Civ. A. No. 85–5881.

United States District Court, E.D. Pennsylvania.

April 8, 1986.

Robert M. Davison, Bethlehem, Pa., for plaintiff.

Robert G. Hanna, Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff Scott Frankenfield was arrested by defendant Russell Kirschner on March 12, 1985, pursuant to an arrest warrant issued by a District Justice. On the same day he was preliminarily arraigned and committed to Lehigh County Prison. A preliminary hearing was originally scheduled for March 26, 1985, but was continued several times. After Frankenfield presented a writ of habeas corpus to the Court of Common Pleas of Lehigh County, the preliminary hearing was scheduled for April 16. When the plaintiff appeared before the court on that date, the Commonwealth dismissed the charges against him and he was released. Pursuant to 42 U.S.C. § 1983, plaintiff now seeks compensatory and punitive damages against Kirschner, David Howells, Allentown Chief of Police and the City of Allentown for unspecified violations of Fourteenth Amendment rights. All defendants have moved to dismiss the complaint for failure to state a claim upon which relief may be granted.

The complaint against all defendants is deficient under both the pleading standards required for § 1983 actions and the substantive law governing plaintiff's purported injuries. First, it is well established in this Circuit that § 1983 actions must be plead with factual specificity. *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir.1976). Second, in order to maintain an action under § 1983, the complaint must allege the two essential elements of such a claim: state action and conduct which violates rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

Here, the complaint reveals only that plaintiff was arrested pursuant to a facially

valid warrant, that the preliminary hearing was postponed several times and that the charges were subsequently dismissed. Upon this slender thread, Frankenfield avers that the events may be blamed upon defendant Kirschner's misrepresentations relating to the evidence he had gathered against the plaintiff, that Kirschner acted with the knowledge and concurrence of Allentown's Chief of Police who, in turn, was acting pursuant to some unspecified policy of the City of Allentown.[1] The purely speculative conclusion that misrepresentation was involved is based solely upon the fact that Kirschner conferred with the Assistant District Attorney at the April 4, 1985, hearing on plaintiff's habeas corpus petition and the attorney then represented to the court that the Commonwealth planned to go forward with the case against Frankenfield. The Court cannot require Kirschner to defend a claim based upon such a conclusory allegation where there are absolutely no facts to support it.

If the complaint's deficiencies were limited to non-factual allegations, the Court would ordinarily dismiss with leave to amend. In this case, however, plaintiff has completely failed to allege a constitutional violation. He avers, without specifics, that Fourteenth Amendment rights are involved. Since the nature of the claimed violation is not specified in the complaint, the Court is apparently expected to presume or assume that plaintiff means to allege a violation of procedural due process rights. If this presumption is accurate, it is clear that no such violation occurred. Plaintiff does not challenge the validity of the arrest warrant; he does not allege any facts which would suggest that probable cause was lacking. He claims that unspecified Pennsylvania Rules of Criminal Procedure were violated by the several continuances of the preliminary hearing. The continuance of a preliminary hearing is governed by Pa.R.Crim.P. 142. That rule does not provide for notice to both parties; it requires only that continuances be granted for "cause". Such a determination is for the Court. No facts alleged in the complaint suggest that there was any deviation from the rule by any of the named defendants. Consequently, we conclude that the complaint fails to state a § 1983 claim and must be dismissed.

---

**1.** In fact, the complaint is completely devoid of any allegation linking either the Chief or the City to the events of which plaintiff complains. In his Memorandum in Opposition to the Motion to Dismiss, plaintiff admits that he has no information that there was any such link, but argues that discovery may reveal some connection between Kirschner's alleged actions and a policy of the City. Under *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and its progeny, this deficiency alone would warrant dismissal of the action against Howell and the City of Allentown.