Tammy MYERS, by her parents, Thomas E. MYERS and Sally Myers

v.

Phillip H. DAUBERT, Dustin A. Peters, Donald R. Fink, Deborah H. Hoffman, Robert H. Brain, Karen D. Wolgemuth, Jay P. Wolmer, Clair Baum, Gary K. Bingaman, Robert L. Enck and Robert J. Dolan.

Civ. A. No. 85–6175.

United States District Court, E.D. Pennsylvania.

April 29, 1986.

Harvey S. Miller, Lancaster, Pa., for plaintiff.

Robert M. Frankhauser, Jr., Lancaster, Pa., Elizabeth McKenna, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff Tammy Myers was expelled from Elizabethtown Area High School in December 1984, for the remainder of the 1984–85 school year for violations of the school's drug policy. After her administrative appeals were denied, including an appeal from the decision of the school board to the Lancaster County Court of Common Pleas, Tammy elected not to pursue additional relief in the state courts. Instead, she filed the instant case pursuant to 42 U.S.C. § 1983, alleging a Fourteenth Amendment violation. Defendants have moved for summary judgment, contending that because the same issues were raised and resolved in the Local Agency Appeal to the Court of Common Pleas, this suit is barred by *res judicata*/collateral estoppel principles. In the alternative, defendants contend that they are entitled to good faith immunity because they acted within the scope of their authority and without malicious intent or knowing violation of Tammy's constitutional rights.

There are no material issues of fact in dispute. On October 12, 1984, school officials determined that Tammy Myers had carried into the school and directly or indirectly distributed to five other students an unknown substance in pill form. The incident came to light when several of the girls who ingested the pills became ill and were taken to the school infirmary. Tammy's parents were notified by letter on the same day that school officials wished to meet with them to discuss Tammy's suspension and other actions to be taken by the school district in response to the incident. When Tammy's parents realized that the conference was, in fact, an informal hearing, they declined to participate further without the assistance of counsel. After counsel was retained, a hearing was held before the School Board on November 8, 1984. Subsequently, plaintiffs were informed that the Board had decided to expel Tammy for the remainder of the school year. Thereafter, the decision was appealed to the Court of Common Pleas on one basis only, *i.e.*, whether the Board's decision was based upon substantial evidence.

In affirming the decision of the School Board, the court first determined that Tammy had been afforded due process of law through the procedures which culminated in the Board's decision to expel her. The court also determined that the decision was based upon substantial evidence, and thus affirmed the decision of the Board.

Plaintiffs contend that the present suit should not be barred by *res judicata*/collateral estoppel principles because the relief they seek here is not identical to that which was sought or which could have been granted in the Local Agency Appeal in the Court of Common Pleas. Appeals from that decision were not taken because the relief sought in that action, reinstatement and expungement of Tammy's disciplinary record, would have been meaningless since the time required for further action would have consumed substantially all of the remaining school year. Moreover, plaintiffs

contend that they could not have been granted the damages sought in the present case. Thus, they contend that *res judicata* cannot serve to bar the present case.

In a technical sense, plaintiffs are correct that *res judicata* is not applicable to this case, but in practical terms their arguments are unavailing because collateral estoppel or issue preclusion, the technically correct principle to be applied here, also bars the present litigation. As the Supreme Court noted in *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed. 210 (1979)

> Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. (Citations omitted).

Courts which later considered the issue identified four requirements for the proper application of the collateral estoppel rule in a given case:

1.  the issue determined in the prior action must be identical to that presented in the later action;
2.  there must have been a final judgment on the merits in the prior action;
3.  the party against whom the collateral estoppel is asserted must have been a party or in privity with a party to the prior adjudication;
4.  the party against whom collateral estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*See, Kelly v. Warminster Twp. Board of Supervisors,* 512 F.Supp. 658, 664 (E.D.Pa. 1981), *aff'd.* 681 F.2d 806 (3d Cir.1982), *cert. den.,* 459 U.S. 834, 103 S.Ct. 76, 74 L.Ed.2d 74 (1982), and cases cited therein.

In this case, the basis of plaintiffs' claim under the Fourteenth Amendment is lack of due process. Despite the well-known principle that civil rights actions in this Circuit must be pled with factual specificity, *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir.1976), plaintiffs have failed to allege any particular deficiencies in the procedures which lead to Tammy's expulsion. Instead, plaintiffs allege in conclusory fashion that Tammy was deprived of life, liberty, property and/or the right to pursue a livelihood without due process of law. (Complaint, ¶ 22).

In his order denying the appeal from the administrative decision of the School Board, the Common Pleas judge specifically found that "Tammy Myers was afforded constitutional due process in the procedures leading up to her expulsion". (Exhibit "C" to Defendants' Motion for Summary Judgment, Doc. # 8). In a companion decision arising out of the same incident as that for which Tammy was expelled, the same judge set forth the complete analysis applied to Tammy's appeal. He noted that students unquestionably have a property interest in a public education if they fall within the age group for which Pennsylvania mandates a free education. He went on to determine that no such child may be deprived of her education without due process of law and concluded that the procedures employed by the Board, while in some particulars technically deficient, were nevertheless sufficient to afford the affected students due process of law. (Exhibit "F" to Doc. # 8).

Plaintiffs do not argue that the due process issue was not necessary to the court's affirmance of the Board's action, merely that the record before the court was incomplete. Pursuant to Pennsylvania law governing the disposition of Local Agency Appeals, 2 Pa.Con.Stat.Ann. § 754, in reviewing the decision of a local agency, the court may hear the case *de novo* or remand if a full and complete record of the proceedings below are not before the court. *Id.* § 754(a). If there is a complete record, the court must affirm the agency's decision, "unless it shall find (*inter alia* ) that the adjudication is in violation of the constitutional rights of the appellant ...". Thus, it is clear that the plain language of the statute requires the court to determine whether the appellant's constitutional rights were violated, whether or not she specifically raises the issue. Consequently,

that determination was necessary to the court's affirmance of the decision below.

Although it is true that the record before the Court of Common Pleas was incomplete, the court proceeded on the basis of the record before it only because Tammy waived her right to a *de novo* hearing or remand. Nevertheless, she had a full and fair opportunity to litigate all of the issues upon which the court necessarily based its decision. Plaintiffs' failure to appeal the court's decision affirming the Board resulted in a final judgment which includes a now preclusive determination of an issue identical to that raised in the instant suit.

Finally, it is evident that the parties in the two actions are, for all practical purposes, identical. While the school administrators were not specifically named in the appeal to the Court of Common Pleas, their actions were a part of the record upon which the decision was based. Although plaintiffs could not seek relief from the individual administrators in the local agency appeal, they could and did seek relief from their actions. It is those identical actions which form the basis of the claim in this suit. Moreover, for collateral estoppel purposes, it is the identity of the party against whom collateral estoppel is invoked that is important. Obviously, Tammy Myers is the same plaintiff here, and her parents, the additional plaintiffs, are certainly parties "in privity" with her.

In summary, the Court of Common Pleas of Lancaster County heard Tammy Myers' appeal from the decision of the Elizabethtown Area School District to expel her from class for violating the district's drug policy. The court concluded that it should consider whether Tammy was afforded due process of law as well as whether the decision of the Board was based upon substantial evidence. On both issues, the court found for the Board and plaintiffs elected not to appeal that decision farther. They now seek to have this Court reconsider at least one of the issues already determined by a court of competent jurisdiction. We conclude that collateral estoppel precludes our further inquiry into this matter. Ac-

cordingly, we will grant judgment in favor of the defendants.