**Albert FREEDMAN, Administrator of the Estate of Jerry Freedman, deceased, and Albert Freedman and Estelle Freedman**

v.

**CITY OF ALLENTOWN, PENNSYLVANIA, David M. Howells, Sr., Gerald Monahan, Jr., Carl Balliet, George LaFaver, Robert Hendricks, Commonwealth of Pennsylvania Board of Probation and Parole, and Frank Kroboth.**

Civ. A. No. 86–4347.

United States District Court, E.D. Pennsylvania.

Jan. 7, 1987.

Richard N. Shapiro, Philadelphia, Pa., for plaintiffs.

Alan M. Black, Allentown, Pa., Any Zapp, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

This case arises from the unfortunate death by suicide of the plaintiff, Albert Freedman's decedent, Jerry Freedman, while in police custody at the Allentown city jail. Albert Freedman asserts a 42 U.S.C. § 1983 claim for violation of Fourteenth Amendment rights on behalf of Jerry Freedman's estate, as well as various pendent claims under Pennsylvania tort law. Also asserted is a claim for violation of Fourteenth Amendment rights by Albert and Estelle Freedman on their own behalf as parents of the decedent.

Defendants are the City of Allentown and various officers and officials of the Allentown police department. Also named as a defendant is Frank Kroboth, a probation officer employed by the Commonwealth of Pennsylvania, who had been assigned to Jerry Freedman's case. The complaint originally also asserted a claim against the Board of Probation and Parole. A voluntary dismissal was entered as to that defendant in response to its motion to dismiss on Eleventh Amendment grounds. All of the remaining defendants seek a dismissal of the federal claims pursuant to Fed.R.Civ.P. 12(b)(6) and thence dismissal of pendent claims for lack of jurisdiction.

■ As plaintiffs recognize, the relevant and dispositive issue is whether the allegations of the complaint allege more than negligence on the part of the defendants. According to recent decisions of the United States Supreme Court, lack of due care on the part of state officials does not state a cognizable claim under the civil rights statutes. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Accordingly, we turn to allegations of the complaint in order to determine the nature of the cause of action asserted.

Plaintiffs allege that the decedent was questioned at the Allentown Police Station, beginning at approximately noon on February 7, 1986, concerning possible violations of drug laws. At some point during the interrogation, the police officer involved spoke to decedent's probation officer, Kroboth, by phone. At the conclusion of the interview, Freedman was placed under arrest and confined in a cell which was not readily observable by the defendant police officers. This occurred at approximately 2:36 P.M. Between that time and 3:15 P.M., Freedman removed his shirt, draped it over the air-vent grating and hanged himself.

It is further alleged that the decedent was searched and was specifically asked about scars. As a result, the defendant police officers should have been able to observe large, prominent scars on his wrists, elbows and neck. These were subsequently identified as "suicide hesitation cuts" by a forensic pathologist.

Presumably because of the presence of the scars, plaintiffs allege that the police officers knew or should have known of Freedman's suicidal tendencies and consequently should have placed him in a cell where he could be observed. Plaintiffs also allege that Kroboth actually knew of Freedman's previous suicide attempt, but

failed to so advise the Allentown police officers.

█ Plaintiffs aver that the police officers were inadequately trained in the handling of severely disturbed arrestees. It is on this theory that plaintiffs seek to hold the City of Allentown and supervisory personnel, who were not involved in the events which culminated in the death of their son, liable for their loss and the loss to Jerry Freedman's estate. A § 1983 cause of action for inadequate training has not yet been recognized, either in this Circuit or by the United States Supreme Court. *See, e.g., City of Oklahoma v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Moreover, looking to complaint as a whole, we conclude that the facts alleged, assumed to be true as required on a motion to dismiss, would not state a claim for inadequate training even if that theory were held to state a viable § 1983 claim.

The only fact alleged which could even remotely support plaintiffs' theory that the defendant police officers who were in direct contact with their son knew or should have known that they were dealing with a mentally disturbed person was the presence of scars on Jerry Freedman's body. Moreover, there is no averment that the scars could or should have alerted the officers to Freedman's alleged suicidal tendencies, serious mental disabilities, prior hospitalizations and suicide attempts. On the other hand, it is specifically alleged that the one defendant who had actual knowledge of decedent's history, Frank Kroboth, failed to disclose those very things to the Allentown police officer to whom he spoke. We are at a loss to understand how adequate training in procedures for handling mentally disturbed individuals would have prevented the suicide in this case, where there are no facts alleged to support plaintiffs' conclusory allegations that the police officers knew or should have known that Freedman was such a person.

Further, in the absence of specific factual allegations as to knowledge of the decedent's mental state the averments that the officers acted intentionally and recklessly in failing to safeguard his Fourteenth Amendment right to life are insufficient to state a § 1983 claim under the pleading standards of this Circuit. *See, Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir.1976). Without the required specificity to support the allegation of intentional conduct, the complaint sounds only in negligence, thus rendering it frivolous for § 1983 purposes. *District Council 47, AFSCME v. Bradley,* 795 F.2d 310 (3d Cir.1986). Consequently, we conclude that because the plaintiffs have failed to state a § 1983 claim against the police officers in direct contact with the decedent, there can be no claim against the supervisory officers and the City for maintaining a deficient training policy. For the same reason, § 1983 liability cannot be imposed upon a municipality.

Obviously, if the claim of the decedent's personal representative fails so must the parents' claim for invasion of their liberty interest in retaining the companionship of their son. Thus, it is unnecessary for the Court to address the defendants' argument that such a claim is not cognizable when it is based upon the death of an emancipated child.

Although defendant Kroboth is alleged to have had actual knowledge of the decedent's mental condition and a prior suicide attempt and to have failed to inform the police officers of those alleged facts, there are no other facts alleged to support the conclusion that his actions were intentional, malicious or reckless. At most, the averments against Kroboth amount to a lack of due care and are not actionable as a § 1983 claim.

For the foregoing reasons, we will dismiss the federal claims against all defendants. As we are then left with only the pendent state claims, we will dismiss those as well, without prejudice to plaintiffs' right to reassert them in the appropriate state court.