**Jamal HILL, Plaintiff,**

v.

**BOROUGH OF SWARTHMORE, t/a/d/b and/or a/k/a Swarthmore Police Department, and Officer Shufflette, Defendants.**

**No. CIV.A. 97–6062.**

United States District Court,
E.D. Pennsylvania.

April 21, 1998.

Athena M. Dooley, Philadelphia, PA, for Plaintiff.

Joseph J. Santarone, Jr., Norristown, PA, for Defendants.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Plaintiff Jamal Hill ("Hill") filed a complaint in this Court against defendants Borough of Swarthmore, t/a/d/b and/or a/k/a Swarthmore Police Department ("the police department"), and Officer Shufflette under 42 U.S.C. §§ 1983 and 1985 alleging that the defendants took him into custody on September 27, 1996 while he was working and detained him for four hours without allowing him to contact counsel in violation of his rights to privacy, equal protection, and due process and his right against cruel and unusual punishment under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Hill also alleges various claims under state law.

Before the Court is the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and alternatively for a more definite statement under Rule 12(e) (Document No. 5). The defendants claim that Counts II, III, IV, V, VI, VII, VIII, IX, and X should be dismissed, as well as Hill's claim for punitive damages against the Borough of Swarthmore, the police department, and Officer Shufflette in his official capacity, Hill's claim under 42 U.S.C. § 1985, and Hill's claim under the Eighth Amendment. For the reasons that follow, the motion will be granted in part and denied in part.

## I. BACKGROUND

The following facts are taken from the complaint. On September 27, 1996, Hill was working for Septa on the R–3 train line in the Borough of Swarthmore. He was approached by unspecified employees of the defendants and told they were looking for a dark skinned African–American with dred locks. Even though Hill claims he did not fit this description, he was handcuffed and arrested by the defendants. Hill was fingerprinted and photographed, and his work uniform was confiscated. Hill claims he never got a receipt for the uniform. Hill was held for questioning for approximately four hours before being released, but he was never charged with a crime.

On October 2, 1996, Hill alleges that the defendants drove by his work site and waved and laughed at him in front of his co-workers and supervisor. This happened again on several subsequent occasions. Hill claims that the defendants did not return any part of his work uniform, which he had to pay to replace himself, and that he was docked a day's pay for the time spent in detainment by the defendants. In addition, Hill claims that during his detainment he was not granted his requests to contact counsel or his family.

In his complaint, Hill alleges that the defendants were negligent in their failure to train their agents, personnel, and employees and their failure to take reasonable precautions for the protection of Hill against tortious conduct of its agents. Hill alleges that the defendants deprived him of his right to privacy, equal protection, due process and his right against cruel and unusual punishment. Hill alleges that the defendants were coconspirators engaged in a scheme designed to deprive him of his rights because of his race.

Hill also alleged the following state law claims: violation of custodial relationship (Count II), false imprisonment or assault

(Count III), loss of consortium (Count IV), intentional infliction of emotional distress (Count V), negligent infliction of emotional distress (Count VI), malicious prosecution (Count VII), defamation (Count VIII), interference with contractual relationship (Count IX) and conversion (Count X). Hill does not specify which actions are attributable to which employee or agent of the defendants, as all of his allegations are directed against "the defendants." Hill did not specify whether the claims against Officer Shufflette are in his official or personal capacity, or both.

## II. STANDARD FOR A MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) OR A MOTION FOR A MORE DEFINITE STATEMENT UNDER 12(E)

Rule 12(b) of the Federal Rules of Civil Procedure provides that "the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted." In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

■ More stringent pleading requirements are imposed on a plaintiff bringing a claim under 42 U.S.C. § 1983. *See Darr v. Wolfe*, 767 F.2d 79, 80 (3d Cir.1985); *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir.1981); *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir.1976). Under the requirements established by the Court of Appeals for the Third Circuit, the plaintiff in such a case must make "specific allegations of unconstitutional conduct rather than vague and conclusory allegations" in order to state a claim. *Id.*

Rule 12(e) provides that:

[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

## III. ANALYSIS

### A. Municipal Immunity

Municipal defendants are provided immunity from state law tort claims under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq.* Under 42 Pa.C.S.A. §§ 8541 and 8542, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any person, unless (1) the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under § 8541 or § 8546, and (2) the injury was caused by a negligent act of the local government or its agent in a limited number of situations, including the operation of motor vehicles, care of personal property, care of real property, dangerous conditions from trees, traffic controls and street lighting, utility service facilities conditions, street conditions, sidewalk conditions, and care of animals. Under 42 Pa.C.S.A. § 8545, an employee of a municipality has immunity against suit to the same extent as his employer. This immunity is lost only if "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice, or willful misconduct." 42 Pa.C.S.A. § 8550.

■ Counts II through IX inclusive will be dismissed as to the Borough of Swarthmore and the police department because these claims do not fall within any of the

exceptions to immunity outlined in § 8542. Count X will not be dismissed as to any of the defendants because it falls within one of the exceptions to immunity in § 8542, care of personal property. As to any claims in Counts II through IX against Officer Shufflette, it is impossible to determine which intentional or willful acts alleged in the complaint are attributable to him, so the Court is unable to ascertain any immunity against these claims he may have. Thus, Counts II through IX will be dismissed without prejudice with leave to amend as to the claims against Officer Shufflette.

### B. Claim under the Eighth Amendment

■ The Eighth Amendment proscription against cruel and unusual punishment applies only to persons convicted of a criminal offense, not to arrestees or pretrial detainees. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, the claims of Hill under the Eighth Amendment will be dismissed as to all defendants.

### C. Claim for Punitive Damages

■ In *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), the Supreme Court held that punitive damages are never available against a municipality under 42 U.S.C. § 1983. Likewise, any claim for punitive damages against an officer in his official capacity is also barred. *See Monell v. Department of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (noting that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Any claim for punitive damages arising from the state law claims in Counts II through IX of the complaint against the Borough of Swarthmore and the police department is barred for the same reasons given above in the discussion of

municipal immunity. Thus, the claim for punitive damages will be dismissed as to the Borough of Swarthmore and the police department as to all claims, and as to Officer Shufflette under any claim under 42 U.S.C. § 1983.

It is impossible for the Court to determine any immunity Officer Shufflette may have against any claim for punitive damages against him in conjunction with the state law claims in Counts II through IX as Hill has failed to allege which actions are attributable to Officer Shufflette. Thus, any claim for punitive damages arising from the state law claims alleged in Counts II through IX against Officer Shufflette will be dismissed without prejudice with leave to amend.

### D. Claim for Conspiracy under 42 U.S.C. § 1985

■ To state a claim under 42 U.S.C. § 1985, a plaintiff must alleged: (1) a conspiracy, (2) motivated by racial or class based invidiously discriminatory animus, (3) to deprive one of equal protection of the law, (4) that the conspirators committed some act in furtherance of the conspiracy, and (5) that the plaintiff was injured in his person or property or deprived of a right or privilege as a United States citizen. *See United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 828–829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).

Hill has not alleged facts with sufficient specificity to state a claim for conspiracy under 42 U.S.C. § 1985. Thus, the claim for conspiracy under § 1985 as to all defendants will be dismissed without prejudice with leave to amend.

### E. Claim under § 1983

Although the defendants did not include a motion to dismiss the first forty-eight paragraphs of the complaint, which ostensibly make up Count I even though they are not labeled as such, this Court finds that these paragraphs are confusing, convoluted, and insufficient to state a claim for relief under § 1983, *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny. This Court has

the power and duty to efficiently manage cases that come before it and will not allow Count I to proceed in this state. Thus, as Hill will be amending other Counts of the complaint, the first forty-eight paragraphs, or Count I, will be dismissed without prejudice and Hill will be allowed to amend this Count.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss and alternatively for a more definite statement will be granted in part and denied in part.

An appropriate Order follows.

### ORDER

**AND NOW,** this 21st day of April, 1998, upon consideration of the motion of defendants Borough of Swarthmore, t/a/d/b and/or a/k/a Swarthmore Police Department ("the police department"), and Officer Shufflette to dismiss and alternatively for a more definite statement under Federal Rule of Civil Procedure 12(b)(6) and 12(e) (Document No. 5), the response of plaintiff Jamal Hill thereto (Document No. 6), it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART.** Counts II, III, IV, V, VI, VII, VIII, and IX[1] of the complaint, including any claim for punitive damages, are **DISMISSED** as to the Borough of Swarthmore and the police department as these parties are immune from these claims under 42 Pa.C.S.A. § 8541. Any claim for punitive damages alleged in connection with the § 1983 claims is **DISMISSED** as to the Borough of Swarthmore and the police department.

**IT IS FURTHER ORDERED** that all claims under the Eighth Amendment are **DISMISSED** as to all defendants, including paragraph 42 of the complaint.

**IT IS FURTHER ORDERED** that the claims against Officer Shufflette in Counts II, III, IV, V, VI, VII, VIII, and IX and any claim for punitive damages arising from the state law claims against Officer Shufflette are **DISMISSED WITHOUT PREJUDICE** as they fail to state a claim because they are ambiguous and lacking in specificity.

**IT IS FURTHER ORDERED** that the claim of plaintiff of conspiracy under 42 U.S.C. § 1985 as to all defendants including paragraph 46 of the complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** the remaining paragraphs of the first forty-eight paragraphs, or Count I, are **DISMISSED WITHOUT PREJUDICE.**[2] The plaintiff may file an amended complaint in accordance with this Order no later than **May 11, 1998** to the extent that the facts and Rule 11 of the Federal Rules of Civil Procedure will allow.

**IT IS FURTHER ORDERED** that the motion to dismiss Count X is **DENIED.** However, because the only remaining claim, Count X, is a state law claim for conversion of property valued at $200.00, if plaintiff does not file an amended complaint as ordered, Count X is constructively **DISMISSED** herewith for lack of jurisdiction.

---

**1.** Count IX also fails to state a claim upon which relief may be granted as it alleges that the defendants wrongfully interfered with plaintiff's existing contractual relationship with defendants, when there is no allegation in the complaint that there was a contractual relation between the parties. Count IX is dismissed on this ground as well.

**2.** The Court anticipates that in amending Count I of the complaint plaintiff will identify Count I, eliminate duplicative paragraphs therein, and consolidate the claims throughout the complaint.