Otis BOYD, Jr., Plaintiff,

v.

Stewart WERNER, Individually and in his Official capacity as the Commissioner of Corrections for Pennsylvania, et al., Defendants.

Civ. A. No. 74–403.

United States District Court,
W. D. Pennsylvania.

Aug. 5, 1976.

Otis Boyd, Jr., pro se.

Frederick Nene, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, District Judge.

Plaintiff seeks injunctive relief and damages to redress the alleged deprivation of his civil rights while confined at the State Correctional Institution at Pittsburgh. He alleges the following wrongful conduct: the withholding of certain legal papers regarding a case pending before the United States District Court for the Middle District of Pennsylvania; the improper censoring of his mail; the proximity of birds to the area where food is prepared and served and to the showering area; solitary confinement without being informed of the reason for such confinement; and the denial of hospitalization in a state mental health institution.

Defendants' motion for summary judgment and a petition for ruling on the summary judgment motion without further hearing are now before the court.

Fed.R.Civ.P. 56(c) regarding summary judgment provides in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

See also *Scott v. Plante,* 532 F.2d 939, 945 (3rd Cir. 1976), and cases cited therein. The court in ruling upon a motion for summary judgment must take as true the non-movant's allegations and must resolve all doubts, inferences and issues of credibility in his favor. *Scott, supra,* 532 F.2d at 945; *Smith v. Pittsburgh Gage and Supply Co.,* 464 F.2d 870 (3rd Cir. 1972).

■ A plaintiff's *pro se* appearance requires the court to extend a broad overview to the complaint and to "endeavor to construe (plaintiff's) pleadings without regard to technicalities." *United States ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84, 86 N. 3 (3rd Cir. 1969), cert. denied 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ Defendants have filed an answer in response to the complaint; they also have filed a motion for summary judgment supported by an affidavit which addresses only the issue of plaintiff's alleged need for hospitalization. Defendants have not responded to plaintiff's allegation concerning the withholding of legal papers, the censoring of mail, the proximity of birds to the eating and showering areas, or solitary confinement.

These allegations as the record now stands are issues of fact apparently material to the success of plaintiff's suit for injunctive relief and for damages. Defendants have submitted nothing to indicate that there is no material issue of fact and that they are entitled to judgment as a matter of law as to these allegations.

Defendants have not satisfied the requirements of Rule 56 as to these allegations.

In seeking summary judgment defendants rely solely upon plaintiff's allegation that certain unspecified constitutional rights are being deprived him by their alleged refusal to hospitalize him in a state mental health institution.

Prior to defendants' motion for summary judgment The Honorable Louis Rosenberg of this court held a preliminary hearing at which plaintiff represented himself. Following that hearing, the court ordered a psychiatric evaluation of plaintiff "for the purpose of facilitating a determination of the complaint." The examination was conducted and a report was supplied to the court which indicated that plaintiff did not require hospitalization in a state mental health facility and which recommended that plaintiff be afforded the opportunity to participate in group therapy within the prison. This latter information is supplied by the affidavit on behalf of the Assistant Attorney General which accompanies the motion for summary judgment. A subsequent affidavit filed in support of summary judgment indicates that plaintiff was offered the opportunity for group therapy but that he refused to join in the sessions on the basis that in his estimation group therapy did not meet his particular needs.

■ The record as to the hospitalization issue consists of plaintiff's allegation that defendants' refusal to commit him to a mental health institution denies him his constitutional rights; and of defendants' affidavits averring the facts of plaintiff's refusal to participate in group therapy and the psychiatrist's conclusion and recommendation to the effect that plaintiff does not require hospitalization, which defendants maintain establish that plaintiff's constitutional rights have not been infringed.

We note that Fed.R.Civ.P. 56(e) provides in part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits . . . must set forth specific facts showing that there is genuine issue for

trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

See *Jamison v. Miracle Mile Rambler, Inc.,* 536 F.2d 560, page 563 (3rd Cir. 1976).

Nevertheless, in view of the admonition that the court construe a *pro se* complaint more liberally than a complaint drafted by counsel, the court will not enter summary judgment against plaintiff upon the basis of his failure to comply with Rule 56(e).

■ We have found no case involving civil rights allegations in the specific factual circumstances presented by plaintiff. Here, plaintiff asserts that he has a need for treatment in a mental health facility; defendants counter by averring that the psychiatric examination establishes that plaintiff is not in need of such care. There is, then, a conflict between the opinion of the examining psychiatrist and that of the plaintiff in assessing the need for plaintiff's commitment to a state mental health institution. This is a matter for trial and cross-examination, not for summary judgment.

In view of the genuine factual issue as to plaintiff's need for treatment, and of plaintiff's *pro se* status in seeking redress for alleged infringement of his civil rights while a prisoner, defendants' motion for summary judgment must be denied. There being no affidavits or other responses by defendants to plaintiff's allegations regarding the withholding of legal papers, censoring of mail, the presence of birds in certain areas, and his solitary confinement, the defendants' motion for summary judgment on these issues is likewise denied.

An order will be entered.