William M. GILDAY, Jr., Plaintiff, Appellant,

v.

John O. BOONE, et al., Defendants, Appellees.

No. 80–1776.

United States Court of Appeals, First Circuit.

Submitted April 10, 1981.

Decided July 22, 1981.

William M. Gilday, Jr., on brief pro se.

Francis X. Bellotti, Atty. Gen., Barbara A. H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Division, and William D. Luzier, Jr., Asst. Atty. Gen., Boston, Mass., on brief for appellees.

Before COFFIN, Chief Judge, ALDRICH and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

Appellant, an inmate at a Massachusetts Correctional Institution, filed suit on February 22, 1973 against four supervisory officials of the Department of Corrections claiming that as a result of an arbitrary segregated detention he was deprived of several Constitutional rights including his ability to litigate several pending suits, that he was being treated in a cruel and unusual manner and that "certain personal and legal property [had] been taken from him by loss or theft." This complaint requested only injunctive relief. On May 4, 1973 appellant amended his complaint by stating that "[t]he defendants are still violating his Constitutional rights while plaintiff is in the general population." Although the other allegations of this amended complaint remained essentially the same, the prayer for relief included a request for a substantial amount of damages. On June 13, 1973 defendants moved to dismiss the complaint principally on the ground that it failed to state a claim upon which relief could be granted. On August 15, 1977 the district court granted the request with respect to

the damage claims because the allegations were "not supported by factual allegations to a minimal degree." The motion was also granted with respect to the request for injunctive relief "*except* insofar as plaintiff alleges interference with his access to and communication with the federal or state courts, or interference with communications between himself and his counsel in pending judicial proceedings." (emphasis in original). The order further directed that plaintiff file a more definite statement with respect to those claims not dismissed. Appellant filed such a statement on September 12, 1977. After various filings on matters not relevant to this appeal the district court dismissed the remaining claims on October 22, 1980 finding in effect that no injunctive relief of any kind was necessary because plaintiff's own statements revealed the alleged misconduct had ceased.

It is clear that as a *pro se* litigant appellant was entitled to have his pleadings liberally construed. *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980); *McDonald v. Hall*, 610 F.2d 16, 17 (1st Cir. 1979). A suit by an inmate against state prison officials for Constitutional deprivation should be couched as a claim under 42 U.S.C. § 1983, although this statute is never specifically mentioned in either complaint. "By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Giving appel-

lant's complaint the required liberal reading we can conclude that appellant did allege deprivations of federal rights (denial of access to the courts, due process violation in the "arbitrary" segregated detention and in the theft of his personal belongings)[1] under color of state law (state prison officials acting in that capacity). Although plaintiff's allegations give only a sketchy indication of which defendant did what and how, the complaint did allege deprivations of federal rights which the district court considered sufficient enough to warrant a more definite statement with respect to the requested injunctive relief. We think that plaintiff was also entitled an opportunity to more adequately define the basis for his damage claims. The record at this preliminary stage in the litigation—*i. e.*, before the introduction of any evidence or the receipt of defendants' answers—simply did not indicate beyond a doubt that plaintiff could not prove any set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). While the deficiencies in the complaint[2] are obvious they were not of such a nature as to preclude plaintiff from an offer of proof to support the claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Additionally, the record indicates that the district court never considered the material facts alleged in plaintiffs "more definite statement" apart from how they affected the claim for injunctive relief. We note that the allegations presented in this statement are strikingly similar to those presented by plaintiff in his separate suit, *Gilday v. Quinn*, Civ. No. 74–4169–C (D.Mass.).[3] Because the district

---

1. *But see Parratt v. Taylor*, —— U.S. ——, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (mere allegation by a prison inmate of loss or theft of personal belongings would be insufficient to state a due process violation). We note that appellant has alleged that among the items stolen were legal materials so that this allegation may arguably be coupled to the access to the court's claim.

2. No dates are mentioned and no facts giving rise to the violations are specified.

3. Because plaintiff made repeated mention of three other district court cases we have as part of our review examined the contents of the district court's records in *Pisa v. Porelle*, Civ. No. 73–582–T (D.Mass.); *McDonald v. Boone*, Civ. No. 73–583–G (D.Mass.); and *Gilday v. Quinn*, Civ. No. 74–4169–C (D.Mass.).

court's judgment with respect to the dismissal of the damage claims must be vacated, upon remand the district court may consider the propriety of joining these two interrelated suits.

■ With respect to the district court's dismissal of the request for injunctive relief we find no error. The amended complaint makes clear that plaintiff was released from segregated detention shortly after the complaint was filed. This fact is corroborated by plaintiff's statement of September 12, 1977 to the effect that he was deprived of his right to access "beginning on or about January, 1972 and continuing thereafter to 1973." Although on appeal plaintiff contends that he is still suffering from this deprivation we think the district court was entitled to rely on this statement. Moreover, any injunctive relief to which plaintiff may be entitled—apart from that which would have freed him from segregated detention—is now the subject of litigation in *Gilday v. Quinn, supra.*

*The judgment of the district court is affirmed with respect to the dismissal of the claim of injunctive relief and vacated and remanded for further proceedings with respect to the claim for damages.*