**HAROLD X (Smith)**

v.

**Lieutenant A. SMITH, et al.**

**Civ. A. No. 81–1919.**

United States District Court,
E.D. Pennsylvania.

April 15, 1983.

Harold X (Smith), plaintiff pro se.

Carl Vaccaro, Deputy Atty. Gen., Philadelphia, Pa., for defendants.

### MEMORANDUM

LUONGO, Chief Judge.

On May 7, 1981, Harold X, a prisoner at the Pennsylvania State Correctional Institution at Dallas, filed a *pro se* civil rights complaint under 42 U.S.C. §§ 1983, 1985 alleging that three correctional officers, Lieutenant Arthur L. Smith, Correctional Officers Barry Heacock and Daniel Kohut, and the Commissioner of the Bureau of Corrections, Ronald Marks, conspired to and did deprive him of his property without due process of law. Plaintiff also claims violations of his first amendment rights to prac-

tice his religion and of access to the courts. On June 24, 1982, all defendants filed a motion for summary judgment and on August 13, 1982, I granted plaintiff's motion to amend his complaint.

From various papers of record, it appears[1] that on May 9, 1980, plaintiff was transferred from the State Correctional Institution at Graterford to the State Correctional Institution at Pittsburgh and, at some later date, to the State Correctional Institution at Dallas; that his belongings were packed at Graterford by Officer Heacock and that Lieutenant Smith was the "Block Lieutenant" at the time; that the belongings were received at Pittsburgh by Officer Kohut; and that they were repacked by Officer Kohut on September 20, 1980 when plaintiff was transferred from Pittsburgh to Dallas.

Plaintiff's complaints allege that sometime during the period of the transfers defendants intentionally violated his fourteenth amendment rights by depriving him of his personal property without due process; violated his right to practice his religion by confiscating his religious books, papers, and oils; and denied him meaningful access to the court by confiscating his legal books and papers and destroying or confiscating his typewriter. Plaintiff charges that it was defendants' intention to hinder his ability to seek redress in court and to discriminate against him as a practicing Black Muslim.

Defendants have responded with a variety of challenges to plaintiff's legal theories:[2] (a) defendants argue that plaintiff has failed to state a claim for violation of the due process clause because, even assuming that plaintiff had a protectible property interest in the items allegedly confiscated or destroyed, an adequate remedy for that deprivation is provided under state tort law, 42 Pa.Cons.Stat.Ann. § 8522.[3] *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); (b) defendant, Commissioner Marks, contends that he cannot be held liable under the theory of respondent superior, *Parratt* at n. 3, and that the eleventh amendment would bar suit in federal court to the extent that he is being sued solely as a stand-in for the state. *Ford Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 462–64, 65 S.Ct. 347, 349–50, 89 L.Ed. 389 (1945); and (c) in response to plaintiff's claim that he was denied access to the courts, defendants argue that plaintiff has failed to allege the necessary element of actual injury to his ability to use the courts, as required by *Hudson v. Robinson,* 678 F.2d 462, 466 (3d Cir.1982).

I do not reach the merits of these arguments, because plaintiff's submissions

---

1. This recitation is based on defendants' affidavits and answers to interrogatories. Plaintiff has failed to make the chronology of events clear.

2. Because plaintiff amended his complaint after defendants filed their summary judgment motion, there is some confusion as to whether all of defendants' contentions remain applicable.

3. The provisions of the current Act are essentially the same as its predecessor which would govern the alleged deprivations, P.L. 788 No. 152, September 28, 1978, quoted below.

> (a) General rule.—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the following instances only and only to the extent set forth in this section and within the limits set forth in section 5111 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth agencies, and their officials and employees acting within the scope of their duties, for damages arising out of a negligent act or omission where the damages would be recoverable under the common law or a statute creating a cause of action if caused by a person not having available the defense of sovereign immunity. An action shall not be barred and the defense of sovereign immunity shall not be raised to claims for:

> . . . .

> (3) Care, custody or control of personal property.—Damages caused by the care, custody or control of personal property in the possession of Commonwealth agencies, including Commonwealth-owned property and property of persons held by the Commonwealth, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth activities involving the use of nuclear and other radioactive equipment, devices and materials.

fail, in more basic ways, to withstand the defendants' motion for summary judgment. The usual rules pertaining to summary judgment motions are applicable here. The moving party has the burden of establishing the absence of a genuine issue of material fact, and all inferences are to be drawn in favor of the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Hollenger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1982). In addition, a *pro se* plaintiff's complaint is judged by a standard less stringent than that applied to pleadings prepared by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Milhouse v. Carlson,* 652 F.2d 371 (3d Cir.1981). On the other hand, in civil rights complaints, a plaintiff is required to plead the factual basis for the claim with some specificity. *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir. 1976); *Kauffman v. Moss,* 420 F.2d 1270, 1275–76 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Negrich v. Hohn,* 379 F.2d 213 (3d Cir.1967). And, when allegations of the complaint are attacked by a motion for summary judgment supported by affidavits, plaintiff must respond by affidavit and may not rely upon the unsupported allegations in the complaint. *General Electric Co. v. Hol-Gar Manufacturing Corp.,* 431 F.Supp. 881 (E.D. Pa.1977), *aff'd,* 573 F.2d 1301 (3d Cir.1978).

■ Plaintiff's submissions suffer from two deficiencies when judged by these standards. First, in relation to defendant Marks, plaintiff has failed to plead his claim with adequate specificity. Plaintiff has charged Commissioner Marks with promulgating a policy to hinder or prevent inmates' use of the courts, pursuant to which the other defendants destroyed plaintiff's legal books and papers and typewriter. Plaintiff has, however, alleged no facts in support of this charge, at least none insofar as Marks is concerned. As I stated in *Roach v. Kligman,* "the plaintiff cannot rest on vague, conclusory allegations. He must plead the facts upon which the claim is based; he must spell out the unlawful conduct complained of." 412 F.Supp. 521, 524 (E.D.Pa.1976). I will, therefore, grant plaintiff the opportunity to amend his complaint to reflect the factual basis for his allegation against this defendant. *Rotolo v. Borough of Charleroi* at 922. If plaintiff has not properly amended the complaint within 30 days, I will grant defendant Marks' motion for summary judgment.[4]

■ The second deficiency in plaintiff's case is his failure to provide affidavits which meet the requirements of Fed.R. Civ.P. 56, *i.e.,* supporting affidavits based on the affiant's personal knowledge. Defendants Smith, Heacock, and Kohut have filed such affidavits[5] in which they deny destroying or confiscating any of plaintiff's property and in which they describe their roles in shipping the property. Plaintiff, on the other hand, has filed affidavits which are not based on his own personal knowledge.[6] On August 11, 1982, plaintiff did inform the court that he would soon be submitting affidavits from two other inmates at Pittsburgh which would substantiate his allegation about defendants' de-

---

**4.** It is possible that plaintiff is also alleging liability for defendant Marks in his role of Commissioner on a theory of respondent superior. This theory would be inapplicable here for several reasons, most simply because Commissioner Marks is not the employer of the other defendants who allegedly carried out the destruction of plaintiff's property. Rather, all the defendants are employees of the Commonwealth of Pennsylvania. This allegation, if plaintiff is indeed making it, must therefore also fail.

**5.** Although these affidavits were filed before the amended complaint, all these defendants deny *any* confiscation or destruction of plaintiff's property. The affidavits, then, also controvert the later allegations of the amended complaint.

**6.** There is one exception. Plaintiff does allege that some of the defendants made remarks or threats to him about his legal and religious belongings. These remarks, however, without more, do not state a cause of action. Defendants have not responded to this specific allegation because it was contained in the amended complaint filed after the motion for summary judgment with its supporting affidavits was filed.

struction of his religious materials.[7] At that time, plaintiff claimed some difficulty in securing the required permission from Commissioner Marks to correspond with these other inmates. Plaintiff has not submitted these affidavits to date.

Defendants' affidavits, if not controverted, do establish that there is no genuine issue of material fact for trial and that summary judgment should be granted. Under the circumstances, I will grant plaintiff an additional 60 days within which to file affidavits, based on the affiants' personal knowledge, to support plaintiff's claim of property destruction. If such affidavits are not filed, I will grant summary judgment in favor of defendants Smith, Heacock and Kohut. I am confident that if there are still any administrative barriers interfering with plaintiff's ability to obtain such affidavits, defendants' counsel will take steps to see that they are removed.

In summary, because of plaintiff's status as a *pro se* litigant, I am granting him an additional 30 days to amend his complaint to provide the necessary factual basis for his claim against defendant Marks. Because of the problems he may have encountered in communicating with others, plaintiff may also, within 60 days, submit the necessary affidavits to support his claims against defendants Smith, Heacock and Kohut.

---

**7.** Amended complaint 1.c

"The Plaintiff being the only practicing member of the Nation of Islam, a black oriented religious organization, had the only remaining copies of the books, Message to the Black Man, Our Saviour has Arrived, the Fall of America, How to Eat to Live part I, the Flag, all written by the Most Honorable Elijah Muhammad, defendants Heacock and Smith entered the Plaintiff's cell on May 9, 1982 and removed those books, the religious oils mentioned in the original complaint and the Plaintiff's religious lessons and were overheard to say this is the last of those black muslims and destroyed the property to deny the plaintiff his right to religious freedom."

This allegation relates an incident occurring on May 9, 1982. Since the rest of plaintiff's allegations refer to May 9, 1980, I assume this is a typographical error that plaintiff will be able to correct.