William **RICKETTS**

v.

**C/o DERELLO.**

**Civ. A. No. 83–3683.**

United States District Court, E.D. Pennsylvania.

Nov. 22, 1983.

*Company,* 719 F.2d 134 (6th Cir.1983) (constitutional); *Philpott v. A.H. Robbins Co., Inc.,* 710 F.2d 1422, 1425 (9th Cir.1983) (constitutional).

---

**5.** This question is analytically distinct from the issue of whether statutes of repose are unconstitutional deprivations of property without due process of law. *See Mathis v. Eli Lilly and*

William Ricketts, pro se.

Rochelle M. Fedullo, Asst. City Sol., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

In this civil rights action under 42 U.S.C. § 1983, plaintiff William Ricketts seeks damages against defendant Joseph Derello for an alleged violation of his constitutional rights. Ricketts, an inmate now incarcerated at Holmesburg Prison, claims that Derello, who was employed as a guard at the prison, attempted to force him into a cell-

block other than the one to which plaintiff was assigned. Plaintiff further alleges that when he resisted, defendant pulled out a sharp knife with a blade three to four inches long. Derello has filed a motion to dismiss the complaint on the ground that it fails to state a claim upon which relief may be granted. For the reasons herein discussed, I will grant defendant's motion.

■ Although plaintiff has failed to respond to Derello's motion to dismiss, I have nevertheless carefully considered whether what he has alleged states a claim. Because plaintiff is a *pro se* litigant, the sufficiency of his pleadings will not be measured by the same standards established for experienced attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 598, 30 L.Ed.2d 652 (1972); *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir.1981).

There are two factual allegations in the complaint upon which plaintiff could attempt to establish liability. Plaintiff claims that Derello physically forced him into a cellblock, and that defendant threatened him with a knife. Neither allegation, however, states a claim of constitutional dimension.

■ With respect to Ricketts' assertion that defendant physically forced him into a cellblock, plaintiff states only that Derello "put his hands on me and tried to force me to go to B block...." Without more, this allegation does not state a violation of plaintiff's constitutional rights. Although § 1983 provides a remedy for serious physical abuse of prisoners in violation of the eighth amendment or the due process clause, the civil rights statute does not seek to redress every injury actionable under the common law tort of battery. *Howell v. Cataldi*, 464 F.2d 272, 277–278 (3d Cir.1972); *Johnson v. Glick*, 481 F.2d 1028, 1032–1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).[1] Read in its most favorable light, the com-

---

**1.** Plaintiff's complaint also states that Derello's conduct violated prison regulations. Such a violation, however, would be insufficient to establish defendant's liability under § 1983. For plaintiff to recover under the civil rights statute,

he must show a deprivation of his federal statutory or constitutional rights. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

plaint discloses nothing more than an unwelcome shove by a prison guard. Such conduct, if proven, would not establish a violation of plaintiff's constitutional rights, and his claim for relief cannot, therefore, rest on this ground.

 Plaintiff's claim that Derello threatened him with a sharp knife likewise fails to state a claim under § 1983. Plaintiff's allegation may be sufficient to state a cause of action under the Pennsylvania law of assault, but it fails to assert a deprivation of federal rights actionable under § 1983. Although a mere threat of physical violence by a person acting under color of state law could conceivably give rise to a constitutional harm if fulfillment of the threat were conditioned on the victim's exercise of a constitutionally protected right, no such claim is advanced here. *Cf. Hudspeth v. Figgins,* 584 F.2d 1345 (4th Cir. 1978), *cert. denied,* 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979) (prisoner threatened because of his pursuit of judicial remedies). Ricketts's claim, simply, is that he was threatened with physical violence. Absent other factors, § 1983 does not furnish a remedy for such a claim. *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (no cause of action against sheriff who threatened to hang prisoner). *See also Ellingburg v. Lucas,* 518 F.2d 1196 (8th Cir.1975); *Harold X (Smith) v. Smith,* 561 F.Supp. 416, 418 n. 6 (E.D.Pa.1983).

In short, the most generous reading of plaintiff's complaint fails to disclose a claim upon which relief could be granted. I will, therefore, grant defendant's motion to dismiss.