**William A. HODGIN**

v.

**AGENTS OF MONTGOMERY COUNTY, et al.**

**Civ. A. No. 83–5638.**

United States District Court,
E.D. Pennsylvania.

Oct. 21, 1985.

---

**2.** Attorney Engelman's office is also served by the same postal route 0110.

William A. Hodgin, pro se.

Mary E. Butler, Deputy Atty. Gen., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, Chief Judge.

Plaintiff William Hodgin brought this action claiming his civil rights were violated while he was incarcerated in the State Correctional Institution at Graterford. Named as defendants are Graterford correction officers Ronald Lucas, John Wills, Martin Earhart, Edward Moskal, Oleb Mason, John Novak, John Murray, Frank Cascino, Gabriel White and an Officer Boylan. Also named are certain supervisory officials, including Julius Cuyler, former Superintendent of Graterford; Laurence Reid, former Deputy Superintendent of Treatment; Thomas Stachelek, former Classification and Treatment Manager; and Adrian Callendar, Director of the Eastern Diagnostic and Classification Center at Graterford. Presently before me is defendants' motion for summary judgment.

Plaintiff's claim for relief is based on several incidents described in the "statement of facts" section of his complaint. The first incident occurred on January 15, 1982. According to the complaint, plaintiff went to the food line to get a bowl of soup. A correction officer behind the counter grabbed plaintiff's hand to prevent him from pouring the soup. As plaintiff attempted to leave, defendant Lucas confronted him with a pair of handcuffs. Plaintiff claims that, although he did not

resist, Lucas "nodded his head" and a number of officers began to punch and kick plaintiff. Plaintiff was handcuffed and removed from the dining room. According to the complaint, plaintiff was pushed down the stairs and beaten by a group of correction officers including defendants Mason, Earhart, Moskal and Lucas. Plaintiff claims to have suffered cuts, abrasions, a broken rib, back pain and psychological disorientation. Plaintiff also alleges that on January 16 defendant Novak turned away a visitor in order to prevent her from seeing plaintiff's condition.

The next incident occurred on January 23. Plaintiff felt dizzy after breakfast and claims that correction officer Boylan was outside his cell with another officer and a medic. The medic held a hypodermic needle. Plaintiff's deposition makes clear that he believes he was drugged. Plaintiff also claims that defendant White attempted to provoke a fight with him on February 16. On March 8, after defendants Earhart and Murray had searched plaintiff's cell, plaintiff discovered that some of his legal materials were missing.

Plaintiff states that he reported these incidents to the FBI and to certain supervisory officials at Graterford. He claims he was repeatedly threatened and abused, and as a result he withdrew several civil rights complaints that he had filed.

Defendants, in support of their motion for summary judgment, have submitted incident reports, affidavits, excerpts from plaintiff's deposition and other documentary evidence. They allege that plaintiff provoked the January 15 incident by creating a disturbance in the dining room. Plaintiff refused to be handcuffed and became violent. Defendants claim they used only the amount of force necessary to subdue plaintiff and remove him to his cell. Plaintiff's visitor of January 16 was turned away because serious misconduct charges were pending against plaintiff and he was in the restrictive housing unit. Defendants also deny that plaintiff was forced to withdraw any civil rights complaints. Finally, a number of defendants claim they are entitled to summary judgment because they were not personally involved in any of the challenged incidents.

Plaintiff has declined to file a response to defendants' motion for summary judgment. He should, of course, have submitted a countervailing affidavit or the equivalent in support of his claim. *See* Fed.R.Civ.P. 56(e); *Lockhart v. Hoenstine,* 411 F.2d 455, 458–59 (3d Cir.), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969). Because plaintiff is proceeding *pro se,* however, I will construe his submissions and the record evidence in his favor liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Boyd v. Werner,* 416 F.Supp. 1222 (W.D.Pa.1976). I note that plaintiff's complaint concludes with the statement, "I declare under penalty of perjury that the foregoing is true and correct." The Third Circuit has treated a *pro se* complaint containing such a declaration as an affidavit in opposition to summary judgment. *Reese v. Sparks,* 760 F.2d 64, 67 & n. 3 (3d Cir. 1985). In addition, the portions of plaintiff's deposition attached to defendants' memorandum of law offer some general support for the allegations in the complaint.

According to the complaint, defendants Lucas, Earhart, Moskal and Mason were involved in the January 15 incident. Defendants claim they are entitled to summary judgment because they used force only to the extent that plaintiff's violent and disruptive conduct made force necessary. They claim the record shows that plaintiff received slight injuries consistent with the use of minimal force, not with a severe beating.

■ Defendants correctly contend that not every use of force against a prisoner violates his constitutional rights. *See Sampley v. Ruettgers,* 704 F.2d 491, 495 (10th Cir.1983); *Ricketts v. Derello,* 574 F.Supp. 645 (E.D.Pa.1983). Use of force is, however, actionable under 42 U.S.C. § 1983 when it exceeds "that which is reasonable and necessary under the circumstances." *Davidson v. O'Lone,* 752 F.2d 817, 827 (3d Cir.1984), *cert. granted,* —— U.S. ——, 105

S.Ct. 2673, 86 L.Ed.2d 692 (1985). *See also Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976).

■ Plaintiff's verified complaint contains specific, detailed allegations of an unprovoked and brutal beating. In his deposition, plaintiff states that he was surrounded by officers who struck him and pulled his hair. He denied doing anything to provoke the attack. Plaintiff's Deposition at 35 (April 16, 1985). Contrary to defendants' contentions, plaintiff's failure to submit evidence of severe or permanent injury is not fatal to his claim. "In general, courts have indicated that when a prison officer uses force that is 'excessive,' 'undue,' or 'unjustified,' plaintiff states a constitutional claim regardless of whether an injury of threshold severity and duration is alleged." *Norris v. District of Columbia*, 737 F.2d 1148, 1151 (D.C.Cir.1984).

■ A material issue of fact exists as to whether defendants Lucas, Earhart, Moskal and Mason used excessive force not justified by a need to maintain discipline. Their motion for summary judgment must therefore be denied. *See Martinez v. Rosado*, 614 F.2d 829 (2d Cir.1980).

■ I must also deny summary judgment as to defendant Novak. I recognize that prison officials have substantial discretion in regulating visiting privileges. *See, e.g., Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). Restrictions cannot, however, be imposed arbitrarily or unreasonably. *See Thomas v. Brierley*, 481 F.2d 660 (3d Cir.1973); *McMurry v. Phelps*, 533 F.Supp. 742, 764 (W.D.La.1982); *Tunnell v. Robinson*, 486 F.Supp. 1265, 1270–71 (W.D.Pa.1980). Plaintiff's deposition states that he and other inmates in the restrictive housing unit were generally permitted regular visits. He claims that on January 16 Novak turned away a visitor "in an attempt to cover up the beating and the damage that Plaintiff sustained." Plaintiff's Answer to Interrogatories ¶ 21 (July 26, 1984). *See also* Plaintiff's Deposition at 81–82. Whether Novak's refusal to permit the visit was unreasonable and designed to prevent discovery of a violation of plaintiff's rights is an issue of fact.

The next incident of which plaintiff complains occurred on January 23, 1982. Plaintiff alleges that defendant Boylan and two unnamed individuals drugged his food. The record reveals that defendant Boylan has not been served with the complaint,[1] which was filed May 17, 1984. Since the 120-day time limit for service has expired, I will dismiss the complaint against Boylan without prejudice. *See* Fed.R.Civ.P. 4(j).

■ Plaintiff also asserts that defendants White, Cascino and others threatened and harassed him. Mere threats and verbal harassment, without more, are not actionable under § 1983. *Ricketts*, 574 F.Supp. at 647; *Harold X (Smith) v. Smith*, 561 F.Supp. 416, 418 n. 6 (E.D.Pa. 1983). A threat of violence could give rise to a constitutional violation "if fulfillment of the threat were conditioned on the victim's exercise of a constitutionally protected right." *Ricketts*, 574 F.Supp. at 647. The record does not show, however, that defendants' threats were of such a nature. Because defendants White and Cascino are not named as participants in any of the other challenged incidents, their motions for summary judgment will be granted.

■ Defendants Earhart and Murray are entitled to summary judgment as to the claim that they took legal materials from plaintiff's cell. Defendants could be held liable under § 1983 if they confiscated plaintiff's legal materials in retaliation for his exercise of constitutional rights or if they actually deprived him of access to the courts. *See, e.g., Smith v. Smith*, 578 F.Supp. 1373, 1375 (E.D.Pa.1984). Plaintiff, however, has presented no facts which would support such a charge. His claim is

---

**1.** Upon inquiring of the United States Marshal as to why Boylan was not served, I was informed that neither Graterford prison nor the Pennsylvania Bureau of Correction has any record of a prison officer named Boylan. Moreover, the Marshal could locate no record that an individual named Boylan had ever been employed by the Commonwealth of Pennsylvania.

therefore subject to the rule of *Hudson v. Palmer*, —— U.S. ——, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984), that even intentional deprivations of property do not violate due process if the state provides a meaningful postdeprivation remedy. Defendants are not shielded by sovereign immunity for their intentional misconduct. 42 Pa.C.S.A. § 8550. Plaintiff can pursue common law remedies for wrongful deprivation of his property.

■ Plaintiff does claim that defendants forced him to withdraw certain civil rights complaints in Civil Action No. 81–0227. As defendants note, that action was brought against officials of the Montgomery County Prison. On March 30, 1982 I dismissed part of the case and granted summary judgment in favor of certain defendants. *Hodgin v. Roth*, 536 F.Supp. 454 (E.D.Pa.1982). Plaintiff has not stated which complaints he withdrew, nor has he specified the actions which pressured him into doing so. In light of plaintiff's inconclusive factual allegations and the fact that the complaints were not even against these defendants, an inference that defendants harassed plaintiff in order to force him to withdraw those complaints is simply too attenuated. Defendants are entitled to summary judgment as to this claim.

■ I must also grant summary judgment in favor of the supervisory defendants. Supervisory officials "cannot be held liable under § 1983 unless there has been some showing that they were either directly involved in, or had knowledge of and acquiesced in, the constitutional violations." *Hodgin v. Roth*, 536 F.Supp. at 460. There is nothing in the record establishing that defendants Cuyler, Reid, Stachelek and Callendar were personally involved in the challenged incidents. In fact, plaintiff's statements at his deposition show that he sued these defendants because he felt they were indifferent to his problems and should be held responsible for their subordinates' actions. Such allegations are an insufficient ground for liability under § 1983.

■ Defendant Wills is also entitled to summary judgment. His name is not mentioned in the complaint's statement of facts and he is nowhere alleged to have participated in any violations of plaintiff's rights.

In conclusion, the motions of defendants Lucas, Moskal, Mason and Novak for summary judgment will be denied. Defendant Earhart's motion will be denied as to the claim involving use of excessive force and granted as to the claim that he took plaintiff's property. The motions of defendants Wills, Murray, Cascino, White, Cuyler, Reid, Stachelek and Callendar for summary judgment will be granted. The complaint against defendant Boylan will be dismissed without prejudice.