**Donald R. JERMOSEN, Plaintiff,**

v.

**Thomas A. COUGHLIN, Bert Ross, Sabrina Von Haign, Dr. Eshwar, Dr. Choksey, Dana M. Smith and Curtis J. Coley, Defendants.**

**Donald R. JERMOSEN, Plaintiff,**

v.

**Thomas A. COUGHLIN, Dominic Mantello, H. Speckard, R. Branning, C. Coefield, Pam Grifith and Chester N. Clark, Defendants.**

**Donald R. JERMOSEN, Plaintiff,**

v.

**Thomas A. COUGHLIN, Bert Ross, Stephen Norris, C. Page, Chester Clark, Donna Taylor, David Post, T. Meagher, D. Smith, D. Selsky, W. Lepknowski, R. Joyce Carver, C. Homrighouse and M. Barnes, Defendants.**

**Nos. CIV–89–918E, CIV–89–1126E and CIV–89–1140E.**

United States District Court, W.D. New York.

Sept. 21, 1990.

Donald R. Jermosen, pro se.

Mark Walling, Asst. Atty. Gen., Buffalo, N.Y., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Plaintiff, *pro se,* has moved this Court for appointment of counsel, pursuant to 28 U.S.C. § 1915(d), in the three above-captioned cases. *See* Plaintiff's Motion for Appointment of Counsel in CIV–89–918E, CIV–89–1126E and CIV–89–1140E each filed May 24, 1990. Each case, alleging various civil rights violations, has been brought pursuant to 42 U.S.C. § 1983.

In CIV–89–918E the plaintiff alleges that he was denied proper medical care by the staff of the Elmira Correctional Facility ("Elmira"), in violation of his constitutional rights. The plaintiff alleges that the failure of the staff to provide prescribed orthopedic boots, sneakers and backbraces constituted deliberate indifference and disregard for his serious medical needs. Complaint at Statement of Claim. Although these items were evidently supplied to the plaintiff in September of 1989—*see* Affidavit of Sabrina Von Hagn, sworn to October 3, 1989, ¶ 3 [1]—, the plaintiff continues to pursue this action for the period of deprivation from November 1988 through September 1989. The plaintiff has successfully completed a significant amount of discovery, *pro se.*

In CIV–89–1126E the plaintiff alleges that he was wrongfully placed in an "Isolation Cell" at Elmira for four days, and then moved to "Protective Custody" for an additional two days, while being maliciously punished in retaliation for bringing lawsuits against prison officials. Complaint, at Statement of Claim. The plaintiff further alleges that he was wrongfully placed in the Special House Unit ("SHU") at the Wende Correctional Facility while awaiting trial in another matter, wrongfully retained there for twelve days after a mistrial, and subjected to further retaliatory abuses while being so held. *Ibid.* The plaintiff has engaged in significant discovery in this matter, as well.

In CIV–89–1140E the plaintiff alleges he was wrongfully refused a transfer from Elmira to the Southport Correctional Facility, and also that he was wrongfully placed in keeplock confinement at Elmira in violation of his constitutional rights to due process. Complaint, ¶¶ 7–17. Substantial discovery has been completed in this matter, as well.

In determining whether to appoint counsel this Court must consider several factors. First, it must consider whether the plaintiff's claims are substantive. If they are, then this Court must consider the plaintiff's ability to investigate the crucial

---

**1.** Ms. Hagn was sued as Ms. Haign.

facts, whether conflicting evidence will compel the need for cross-examination, whether the plaintiff is able to present his case, and whether the legal issues are sufficiently complex that the disposition of the case would be substantially aided by representation by counsel. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986).

Analyzing each of the above cases with respect to these factors, this Court finds that the appointment of counsel in each is justified. Each case raises claims that are arguably viable. In CIV–89–918E the plaintiff alleges that he was denied proper medical treatment. Such a deprivation, under certain circumstances, may rise to the level of being unconstitutional. *See Martinez v. Mancusi*, 443 F.2d 921, 923 (2d Cir.1970), *cert. denied*, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971); *Gamble v. Estelle*, 516 F.2d 937 (5th Cir.1975), *reh. denied*, 521 F.2d 815, *rev. on other grounds*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In CIV–89–1126E the plaintiff alleges that he was maliciously punished in retaliation for bringing lawsuits against prison officials. Malicious retaliation for asserting one's First Amendment rights is actionable under section 1983, as well. *See Smith v. Smith*, 578 F.Supp. 1373, 1375 (E.D.Pa.1984); *Sczerbaty v. Oswald*, 341 F.Supp. 571, 573 (S.D.N.Y.1972). Finally, in both CIV–89–1126E and CIV–89–1140E the plaintiff alleges that he was wrongfully detained in keeplock and/or SHU. It is well established that certain due process procedures may be compelled prior to detaining a prisoner in keeplock status or SHU. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *McCann v. Coughlin*, 698 F.2d 112 (2d Cir.1983). Thus, while it is true that some claims by this plaintiff may ultimately prove not to be substantive, such a determination is not possible at this time. Each case contains claims that appear actionable.

Although the plaintiff has done an excellent job of conducting discovery *pro se*, this Court believes that the complexity of the legal issues in each of these cases warrants appointment of an attorney. At this stage of each lawsuit, an attorney would be very helpful to clarify the results of the plaintiff's discovery attempts and to complete further discovery, if necessary. Further, should any of these cases proceed to trial, this Court believes that an attorney would best be able to present the plaintiff's case. *See Hodge v. Police Officers, supra.*

Thus, it is hereby ORDERED that the plaintiff's motions for appointment of counsel in CIV–89–918E, CIV–89–1126E and CIV–89–1140E are granted. Such appointments shall be made by this Court forthwith.